IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

THE ESTATE OF CRYSTAL REED,       )
                                  )
        Plaintiff,                )
                                  )
v.                                )     CIVIL ACT. NO.  1:11cv554-CSC
                                  )              (WO)
PONDER ENTERPRISES, INC., *et al.*,  )
                                  )
        Defendants.               )

## OPINION AND ORDER

Plaintiff, the Estate of Crystal Reed ("the Reed Estate"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*(Doc. 1 ¶¶ 41-47), the Americans with Disabilities Act ("ADA") , 42 U.S.C. § 12181 *et seq.*, and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 791 *et seq.*, and Alabama common law alleging that her former employer discriminated against her based on her gender, race, and disability, and that her former employer intentionally inflicted emotional distress on her.  She named as defendants Ponder Enterprises, Inc., d/b/a Hardees, Ernest Ponder, and Juanita North ("the Defendants").[1]

Now pending before the court is the August 5, 2011, motion to dismiss (Doc. 8) filed by the Defendants.  Also pending before the court is the response of the Estate of Crystal Reed ("the Reed Estate") (Doc. 11), which the court construes as motion for leave to amend

---

[1]The Reed Estate also named as defendants "fictitious parties A,B, [and] C."  Doc. 1.  However, fictitious party pleading is not permitted in federal court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

the complaint to eliminate Count I, Count II, and the Section 504 and Title VII claims under

Counts III and IV.  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties

have consented to a United States Magistrate Judge conducting all proceedings in this case

and ordering the entry of final judgment.  Having considered the motion and the submissions

of the parties, the court finds that the motion to amend (Doc. 11) is due to be granted, and

that the motion to dismiss (Doc. 8) is due to be denied.

## Standard of Review

Although it must accept well-pled facts as true, the court is not required to accept a

plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009)

("[T]he tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings,

the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to

draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242,

1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not

admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see

also Iqbal*, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed

true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that

is plausible on its face. *See Iqbal*, 129 S .Ct. at 1950 (explaining "only a complaint that states

a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### Facts[2] and  Procedural History

Ponder Enterprises owns and operates a Hardee's fast food restaurant in Dothan, Alabama. (*See* Doc. 1 ¶2,7 ).   Reed, an African-American female, began working at the

---

[2]At this stage of the proceedings, for purposes of ruling on the motion to dismiss, the facts and inferences to be drawn therefrom are set forth in the light most favorable to the Reed Estate. *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).

Hardee's restaurant in 1998 as a cashier and was later promoted to store manager.  (Doc. 1 ¶¶6-7 ).  In September 2009, when she was approximately 31 years old, Reed was diagnosed with breast cancer and underwent radiation therapy.  (Doc. 1 ¶¶8-10).  In November 2009, she underwent a mastectomy.  (Doc. 1 ¶8).

On September 23, 2010, Reed's was terminated from Hardee's.  (Doc. 1 ¶¶36-37). On November 26, 2010, Reed filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  (Doc. 1 ¶29). On April 4, 2011, the EEOC issued Reed a right to sue letter.  (Doc. 1-1).

 On February 25, 2011, Reed passed away.  (Doc. 1 ¶38).  On July 8, 2011, the Reed Estate filed a complaint (Doc. 1)  against Ponder Enterprises, Inc., d/b/a Hardees, against Ernest Ponder individually and as owner of Ponder Enterprises, and against Juanita North individually and as an employee of Ponder Enterprises.  In its complaint, the Reed Estate alleges that, following Reed's breast cancer diagnosis, she suffered from acute edema in her left arm and legs due to lack of air conditioning and because she stood for long periods of time while performing her job as store manager.  (Doc. 1 ¶34-35). The Reed Estate contends that Reed requested reasonable accommodations from Ponder Enterprises, such as air conditioning, light lifting, and breaks from long periods of standing, but Ponder Enterprises did not provide these accommodations or offer her an alternative position.  (Doc. 1 ¶¶11-12). Reed requested these accommodations from North, who was a district manager for Ponder Enterprises. (Doc. 1 ¶34).   However, according to the complaint, North and Ponder

4

Enterprises ignored her requests.  (Doc. 1 ¶34).

The Reed Estate further contends that, on September 22, 2010, North gave Reed a written warning for alleged audit violations, but that the written warrant was baseless. (Doc. 1 ¶36).  Reed worked for twelve hours after receiving the warning.  (Doc. 1 ¶37). On September 23, 2010, Reed was notified that her employment was terminated by Ernest Ponder, and she was given no reason for the termination.  (Doc. 1 ¶37).

The Reed Estate asserts that, although Reed was qualified for her job as store manager and although she performed her duties successfully, North and Ponder Enterprises wrongfully accused her of poor job performance as a pretext for firing her.  (Doc. 1 ¶¶9, 13-18).  The Reed Estate alleges that Ponder Enterprises actually fired Reed on the basis of her gender, race, and disablties due to breast cancer, and in retaliation for Reed's requests for accommodations.  (Doc. 1 ¶¶20-21, 28).  According to the Reed Estate, Reed was as good and as qualified a store manager as the white male who replaced her in that position.  (Doc. 1 ¶¶19, 24).

The Reed Estate further alleges that Reed's "disability was critically exacerbated and her death was accelerated" due to the trauma of Ponder Enterprises's refusal to accommodate her disability and the alleged discriminatory discharge.  (Doc. 1 ¶¶ 25-26).  As a result, the Reed Estate contends, Reed was severely depressed, her condition worsened, and she died. (Doc. 1 ¶¶26-27, 38-39).

On the basis of the factual allegations in the complaint, the Reed Estate asserts several

causes of action against Ponder Enterprises, Ernest Ponder, and Juanita North ("the Defendants"). In Count I, the Reed Estate alleges gender discrimination under Title VII (Doc. 1 ¶¶ 41-47). In Count II, the Reed Estate alleges race discrimination under Title VII (Doc. 1 ¶¶ 48-54). In Count III, the Reed Estate alleges disability discrimination by "disparate treatment," under Title VII, the ADA and Section 504 (Doc. 1 ¶¶ 55-61). In Count IV, the Reed Estate alleges disability discrimination by retaliation, Title VII, the ADA, and Section 504 (Doc. 1 ¶¶ 62-69). In Count V, the Reed Estate alleges intentional infliction of emotional distress under state common law (Doc. 1 ¶¶ 70-77). The Reed Estate seeks injunctive relief, compensatory and punitive damages, and attorneys' fees (Doc. 1 ¶¶ 78-87).

On August 5, 2011, the Defendants filed a motion to dismiss (Doc. 8) Counts I and II of the complaint in their entirety, Counts III and IV as to Section 504 (but not as to the ADA, or as to Title VII with respect to Ponder Enterprises), and to dismiss Ponder and North from the action. On August 24, 2011, the Reed Estate filed a response to the Defendants' motion to dismiss. (*See* Doc. 11).

## Discussion

The Defendants argue that Counts I and II should be dismissed because, they contend, Reed's EEOC charge related only to disability discrimination and retaliation, not to gender or race discrimination, and because Reed failed to exhaust her administrative remedies. (Doc. 8 ¶¶1-5). The Defendants further argue that they are not subject to Section 504 because they do not receive federal funds, and, therefore, that Counts III and IV as they relate

to Section 504 should be dismissed.  (Doc. 8 ¶¶6-8).  Finally, the Defendants argue that Ponder and North should be dismissed from the case because, as individuals, they are not subject to the Reed Estate's claims under Title VII.  (Doc. 8 ¶¶9-14).

In its response (Doc. 11), the Reed Estate moves to voluntarily dismiss Counts I and II in their entirety, and to dismiss Counts III and IV for disability discrimination and retaliation insofar as those claims pertain to Section 504 and Title VII.  The Reed Estate also "objects to Defendants' motion to Dismiss Counts Three and Four of this action under the [ADA] and Count V en toto." (Doc. 11 p.1).

**A.**      **Counts I and II; Section 504 and Title VII Claims Under Counts III and IV**

 The Reed Estate moves to voluntarily dismiss Counts I and II, as well as its Section 504 and Title VII claims under Counts III and IV of the complaint.  "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under [Federal Rule of Civil Procedure] Rule 15(a),  rather than" move to  dismiss those claims. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (citations omitted); *see also Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 n.2 (5th Cir.1978), *overruled on other grounds by Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980) ("Rule 41(a) speaks of dismissal of an action, and the plaintiff's elimination of a fragment of an action ... is more appropriately considered to be an amendment to the complaint under Rule 15.").  Therefore, the court construes the Reed Estate's motion to dismiss Count I, Count II, and the Section 504 and Title VII claims under Counts III and IV

of the complaint as a motion for leave to amend the complaint to eliminate those claims.  *See* Fed. R. Civ. P. 15(a)(2) (providing that, where a party has failed to amend its complaint as a matter of course within the time frame provided in Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave.").

The court finds that the Reed estate's motion for leave to amend the complaint to Count I, Count II, and the Section 504 and Title VII claims under Counts III and IV is due to be granted.  *Id.* ("The court should freely give leave [to amend] when justice so requires.").  In granting the motion to amend, the court finds that the Defendants' motion to dismiss Count I, Count II, and the Section 504 claims under counts III and IV is due to be denied as moot.

**B.   Count V and the ADA Claims Under Counts III and IV; Motion to Dismiss North and Ponder from this Action**

Although the Defendants move generally to dismiss North and Ponder from the action entirely, the Defendants have stated no facts and presented no legal argument as to the Count V or the ADA claims in  Counts III and IV should be dismissed as to <u>any</u> of the Defendants. Therefore, the court finds that the motion to dismiss North and Ponder from the action is due to be denied.

**C.   Summing Up**

On motion of the Reed Estate, Count I, Count II, and the Section 504 and Title VII claims under Counts III and IV of the complaint will be eliminated from this action.

North and Ponder are not dismissed from the action, and the following claims have

8

not been dismissed at this time: Counts III and IV, for disability discrimination in violation of the ADA, and Count V, for intentional infliction of emotional distress.

## CONCLUSION

Accordingly, for the reasons stated above, and for good cause, it is

**ORDERED** that the Reed Estate's motion to amend the complaint (Doc. 11) to remove Count I, Count II, and the Section 504 and Title VII claims under Counts III and IV of the complaint is **GRANTED**. Further, it is

**ORDERED** that the Reed Estate shall file, no later than October 20, 2010, an amended complaint omitting Count I, Count II, and the Section 504 and Title VII claims under Counts III and IV. Further, it is

**ORDERED** that the Defendants' motion to dismiss (Doc. 8) is **DENIED**.

Done this 14th day of October, 2011.


   /s/ Charles S Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

9