IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE ESTATE OF CRYSTAL REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:11cv554-CSC |
| | ) | (WO) |
| PONDER ENTERPRISES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now pending before the court is the motion to dismiss (Doc. 18) filed by the

Defendants. Also pending before the court is the response of the Estate of Crystal Reed ("the

Reed Estate") (Doc. 22), which includes a motion for leave to amend the complaint to name

as plaintiff Jean Reed, as Administrator of the Estate of Crystal Reed. In addition, the Estate

of Crystal Reed has filed a purported "second amended complaint" (Doc. 23) without leave

of court. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have

consented to a United States Magistrate Judge conducting all proceedings in this case and

ordering the entry of final judgment. Having considered the motion and the submissions of

the parties, the court finds that the motion to dismiss (Doc. 18) is due to be granted in part

and denied in part, the motion to amend (Doc. 22) is due to be granted, and the purported

"second amended complaint" (Doc. 23) is due to be stricken from the record.

**Standard of Review**

Although it must accept well-pled facts as true, the court is not required to accept a

plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8

does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## Facts

The relevant factual allegations of the amended complaint[1] are as follows:

Ponder Enterprises owns and operates a Hardee's fast food restaurant in Dothan, Alabama. (*See* Doc. 16 Section III ¶2). Reed, an African-American female, began working at the Hardee's restaurant in 1998 as a cashier and was later promoted to store manager. (Doc. 16 Section V ¶ ¶6-7 ). In September 2009, when she was approximately thirty-one years old, Reed was diagnosed with breast cancer and underwent radiation therapy. (Doc. 16 Section V ¶¶8-10). In November 2009, she underwent a mastectomy. (Doc. 16 Section V ¶8). Reed suffered from acute edema in her left arm and legs due to the lack of air conditioning and due to standing for long periods during her work shift. (Doc. 16 Section V ¶35). Between August and September of 2010, Reed requested her supervisor, Juanita

---

[1] At this stage of the proceedings, for purposes of ruling on the motion to dismiss, the facts alleged in the complaint and reasonable inferences to be drawn therefrom are set forth in the light most favorable to the plaintiff. *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).

3

North, to provide accommodations for her medical condition including air conditioning, light lifting, and breaks from long periods of standing. (Doc. 16 Section V ¶¶11, 34). North did not provide the requested accommodations. (Doc. 16 Section V ¶¶19). Reed was not offered an alternative position or other alternative accommodation. (Doc. 16 Section V ¶¶19). Reed's medical condition was exacerbated by the fact that she continued to work without accommodations. (Doc. 16 Section V ¶14).

Reed was qualified for the position of store manager, which she held at the time of her termination, and she "performed her duties successfully as an employee of [Ponder Enterprises] and remained in the employ of [Ponder Enterprises] without any adverse incident" from the time she was hired until Ponder Enterprises terminated her employment. (Doc. 16 Section V ¶9, 13, 18). Nevertheless, on September 22, 2010, Reed received what she contends was a warrantless written warning from North falsely alleging audit violations. (Doc. 16 Section V ¶36). On September 23, 2010, after Reed worked for twelve hours, Ponder Enterprises terminated Reed's employment; at that time, she was thirty-two years old and still suffering from cancer. (Doc. 16 Section V ¶¶9-10, 37). Reed was told that Ernest Ponder, the owner of Ponder Enterprises, was responsible for the termination, and she was given no reason for being fired. (Doc. 16 Section V ¶37). According to the allegations of the complaint, the Ponder Enterprises maintains a "pretext" that it "terminated [Reed] for poor job performance" in an effort to hide the "true discriminatory reasons" for the termination. (Doc. 16 Section V ¶¶14, 16-17). According to the amended complaint, Ponder

Enterprises actually terminated Reed's employment because of her disability and in retaliation for her requests for accommodation.  (Doc. 16 Section V ¶¶4, 6, 14, 16-17, 21, 28; Section VI ¶¶41-55).  The person who replaced Reed as store manager is not more qualified for the position than Reed.  (Doc. 16 Section V ¶24).

On November 26, 2010, Reed filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  (Doc. 16 Section V ¶29).  On April 8, 2011, the EEOC issued Reed a right to sue letter.  (Doc. 1-1).

After she was fired, Reed was severely depressed and her medical condition further deteriorated.  (Doc. 16 Section V ¶¶ 25-27, 38). On February 25, 2011, Reed passed away. (Doc. 16 Section V ¶38).

On July 8, 2011, the Estate of Crystal Reed ("the Estate") filed a complaint (Doc. 1) against Ponder Enterprises, Inc., d/b/a Hardees, against Ernest Ponder individually and as owner of Ponder Enterprises, and against Juanita North individually and as an employee of Ponder Enterprises (collectively, "the Defendants").  On October 20, 2011, the Estate filed an amended complaint.  Count I of the amended complaint alleges that the Defendants discriminated against Reed by terminating her employment on the basis of her disability in violation of the Americans with Disabilities Act, Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. (Doc. 16 Section VI ¶¶ 42-47). Count II of the amended complaint alleges that the Defendants violated the ADA by retaliating against Reed for requesting accommodations for her disability.  (Doc. 16 Section VI ¶¶ 48-55).  Count III of the

5

amended complaint alleges that the Defendants intentionally inflicted emotional distress on Reed by requiring her to work without accommodations for her disability.  (Doc. 16 Section VI ¶¶ 56-63).

On November 3, 2011, the Defendants filed a motion to dismiss the amended complaint.  (Doc. 18).  On November 18, 2011, the Reed Estate filed a response to the Defendants' motion to dismiss, a motion to amend the complaint, and a purported "Second Amended Complaint."  (Docs. 22 & 23).

## Discussion

### I.   Purported Second Amended Complaint

The Estate filed its purported "Second Amended Complaint" (Doc. 23) without leave of court. Where, as here, a party is not entitled to amend as a matter of course, the "party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a).  Because the purported "Second Amended Complaint" was filed without leave in violation of Rule 15(a), the document is due to be stricken from the record.

### II.   Standing and Capacity

The Defendants argue that the Estate of Crystal Reed has no standing to bring this action because, under Alabama law, the personal claims of a decedent which existed prior to his or her death, if they survive at all, survive in favor of the decedent's personal representative, and the personal representative has standing to bring those claims.  *See* Ala. Code 1975 § 6-5-462 ("In all proceedings not of an equitable nature, all claims upon which

an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives."); Ala. Code 1975 § 43-8-833(c) ("Except as to proceedings which do not survive the death of the decedent, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction as the decedent had immediately prior to death.").

"As Wright & Miller note, the doctrine of capacity is often incorrectly considered under the rubric of a standing claim." *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 670 (11th Cir. 1991), *abrogated on other grounds by Saxton v. ACF Indus.*, 254 F.3d 959 (11th Cir.1991) (citing 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1542, at 327 (2d ed. 1990)); *see also* Wright & Miller, *supra*, at § 1559. At its core, standing is a jurisdictional issue that involves a determination of whether a plaintiff can show an injury in fact, traceable to the conduct of the defendant. *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Florida ex rel. Atty. Gen. v. U.S. Dept. of Health and Human Services*, 648 F.3d 1235, 1242-43 (11th Cir. 2011). "A personal representative is a fiduciary," Ala. Code 1975 § 43-8-833(a), and, as such, a personal representative sues not to obtain a remedy for an injury done to him or her personally; rather, a personal representative sues on behalf of an estate. In this case, the Estate itself could trace a direct injury to the alleged acts of the defendants. Thus, the Estate has standing. *Cf. Glickstein*,

922 F.2d at 670 (holding that an estate "ha[d] standing to bring [the] action" because it met "the traditional requirement that the plaintiff show an injury in fact that [was] fairly traceable to the defendant").

Contrary to the Defendants' assertions, the Estate's ability to assert the claims in the amended complaint is not a question of standing, but of capacity. *Cf. Glickstein*, 922 F.2d at 670 ("The question in this case is whether Howard Glickstein[,a person who was not the estate's personal representative at the time he filed the complaint,] is able to bring this case on behalf of the estate. This is not a question of standing; rather, this issue involves the question of whether Glickstein has the capacity to bring this action on behalf of the estate."). "The capacity doctrine relates to the issue of 'a party's personal right to litigate in a federal court.'" *Glickstein*,  922 F.2d at 670 (quoting Wright & Miller, *supra*, at § 1542).  Under Federal Rule of Civil Procedure 17(b)(3), the capacity of an estate or its representative is determined by the law of the forum state.  As the Defendants point out, in Alabama, the personal right to litigate the claims of a deceased person's estate rests only in the personal representative of the estate.  *See* Ala. Code 1975 § 6-5-462.  This lawsuit was filed by an attorney who is not the Estate's personal representative, and the style of the original and amended complaints lists the name of the Plaintiff as the Estate itself.  Neither the attorney nor the Estate have the legal capacity to bring this suit on the Estate's behalf.  *See id*.

In response to the Defendant's suggestion that the Estate does not have the capacity to sue on its own behalf, the Plaintiff seeks to amend the complaint a second time to

substitute as plaintiff "Jean Reed, as the Personal Representative of the Estate of Her Deceased Daughter, Crystal Reed." (Doc. 22 p. 1). As grounds for seeking the amendment, the Plaintiff contends that Jean Reed was appointed personal representative of the Estate by the Probate Court of Geneva County , and that, solely "[d]ue to a clerical error in the original and Amended Complaint, the Plaintiff was not properly named." *Id*.

Lack of capacity "is a defect that can be cured by a stay or amendment." *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227,1232 n.8 (11th Cir. 2004). In ruling on a motion to amend a complaint, "[t]he court should freely give leave [to amend] when justice so requires." Fed R. Civ. P. 15(a). A motion to amend must be granted if there exists no reason to justify the denial. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court finds no "justifying reason" for the denial of the amendment to the extent that it seeks to correctly name the plaintiff as "Jean Reed, as the Personal Representative of the Estate of Her Deceased Daughter, Crystal Reed." *See id.* Therefore, the court finds that the motion to amend (Doc. 22) is due to be granted to allow Jean Reed, in her capacity as the Estate's personal representative, to be named as Plaintiff.

## III.   Failure to State a Claim Upon Which Relief Can be Granted

### A.   ADA Claims Against Individual Defendants

The amended complaint names as Defendants Ponder Enterprises d/b/a Hardees, Juanita North individually and as an employee of Ponder Enterprises, and Ernest Ponder individually and as owner of Ponder Enterprises. Count I of the amended complaint alleges

9

that "the Defendants" discriminated against Crystal Reed in violation of the ADA by terminating her employment on the basis of her disability. (Doc. 16 Section VI ¶¶ 42-47). The anti-discrimination provision of the ADA prohibits "covered entities" from discriminating against a qualified individual on the basis of disability.  42 U.S.C. § 12112(a).  "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee."  42 U.S.C. 12111(2).  It does not include other individuals.  *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007). According to the amended complaint, Ponder Enterprises was Crystal Reed's employer. (Doc. 16 Section IV ¶2).  Ernest Ponder and Juanita North, in their individual capacities, are not the "employer" within the meaning of the ADA, *see* 42 U.S.C. 12111 (defining "employer").  Therefore, Count I of the amended complaint is due to be dismissed against Ernest Ponder and Juanita North in their individual capacities.

Count II of the amended complaint alleges that "the Defendants" violated the ADA by retaliating against Crystal Reed as an employee for requesting accommodations for her disability.  (Doc. 16 Section VI ¶¶ 48-55).  The Eleventh Circuit has held that "individual liability is precluded" for ADA claims of retaliation.  *Albra*, 490 F.3d at 834.  Accordingly, Count II of the amended complaint is due to be dismissed against Ernest Ponder and Juanita North in their individual capacities.

Furthermore, since the amended complaint names the employer, Ponder Enterprises as a defendant, it is unnecessary and redundant for the ADA claims to also proceed against

Ernest Ponder and Juanita North in their "official capacities."   Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent – at least where Eleventh Amendment considerations do not control analysis."  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978).  An official-capacity suit "is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the ... entity itself."  *Kentucky v. Graham*, 473 U.S. 159, 168 (1985).

Moreover, to the extent, if any, that the Estate is attempting to hold Ernest Ponder and Juanita North jointly and severally responsible as *agents* of Ponder Enterprises, the court notes that an ADA claim is not a tort action, and "the [ADA] does not provide for individual liability, only for employer liability." *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir.1996); *see also Albra*, 490 F.3d 826 (holding that the ADA does not provide for recovery against individuals or entities other than the employer).   Therefore, individuals like Ponder and North cannot be held jointly and severally liable with the employer under an agency theory for violations of the ADA.  *See Mason*, 82 F.3d at1009 ("[O]nly the employer, not individual employees, can be liable under the Americans with Disabilities Act.").

Accordingly, Counts I and II are due to be dismissed against Ernest Ponder and

Juanita North in their "official capacities." *See Clifton v. Ga. Merit Sys.*, 478 F. Supp. 2d 1356, 1362 (N.D. Ga. 2007) (dismissing ADA claims against individual employees in their official capacities as redundant of claims against the employer); *see also Puckett v. McPhillips Shinbaum*, No. 2:06cv1148-ID, 2008 WL 906569, at *7 (M.D. Ala. Mar. 31, 2008) ("Puckett ... has named his former employer which is the firm; thus, it is unnecessary and redundant for him also to name the firm's individual employees in their official capacities."); *Jamison v. City of Forsyth, Georgia*, No. 5:06-cv-399, 2007 WL 1231663, at*1 (M.D. Ga. Apr. 26, 2007) ("where the employer is named as a defendant [under Title VII], it is unnecessary also to name an employee as an agent, even if the employee is named solely in his official capacity").

**B.     ADA Claims Against Ponder Enterprises**

The Defendants argue that Counts I and II should be dismissed for failure to state a claim upon which relief can be granted because, according to the Defendants, the allegations of the complaint do not raise a right to relief above the speculative level with respect to causation, as required by the Supreme Court's holdings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). (Doc. 18 ¶¶ 6-14).  The Defendants acknowledge the factual allegation that Crystal Reed received a warrantless written warning and that "this fact may be consistent with the plaintiff's claim that she was discriminated against."  (Doc. 18 ¶ 13).  However, the Defendants argue, "it may well be that Reed was terminated for poor job performance," and

poor job performance is "the more obvious alternative explanation" for Reed's termination. *Id.* The Defendants do not attempt to explain *why* termination for cause is a "more obvious explanation," but they nevertheless ask the court to draw their preferred inference and to dismiss the ADA claims on the theory that, for some reason as yet unexplained to the court, it is more likely that Crystal Reed was written up and fired for poor job performance than because of her disability or in retaliation for her requests for accommodations.

Contrary to Defendants' interpretation of *Iqbal*, a plaintiff is not required to assert "*the most obviously* plausible alternative" facts and legal claims; rather, under *Iqbal*, the complaint must state "*a* plausible claim for relief" with factual allegations sufficient to show more than "the mere possibility" of misconduct. *Iqbal*, 129 S.Ct. at 1950 (emphasis added); *see also Twombly*, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."). In determining whether the complaint plausibly states a claim, this court is not required to draw *every* inference suggested by a plaintiff (such as speculative or factually unsupported inferences), but the court *must* draw *reasonable* inferences in the plaintiff's favor. *Cf. Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1248 (11th Cir. 2005) ("We must make reasonable inferences in Plaintiffs' favor, but we are not required to draw" an "unreasonable," "speculative," and "unwarranted" inference that is not supported by a "factual predicate").[2] Furthermore, the court *is* required to accept the factual allegations of

---

[2]If the court is not required to draw factually unsupported inferences in support of the plaintiff, it is also not required to indulge in the Defendants' factually unsupported inference that "it *may* well be that

the complaint as true.  *Iqbal*, 129 S.Ct at 1949.

Here, the amended complaint alleges that Crystal Reed began work as a cashier and was eventually promoted to manager of the restaurant; that she was qualified for the position of store manager; that she had a track record of twelve years of successful job performance without "any adverse incident" during the entire time of her employment; that, in September 2009, Reed contracted breast cancer and began to suffer adverse health problems for which she eventually needed accommodations; that, in August and September 2010, she requested that her supervisor provide her with specific accommodations for her disability (namely air conditioning, light lifting, and breaks from long periods of standing); that the accommodations were not provided; that, on September 22, 2010, North falsely accused Reed of audit violations and gave Reed an unwarranted written warning; and that, on September 23, 2010, Ponder Enterprises terminated Reed's employment without further explanation.  (Doc. 16 Section V ¶ ¶6-12, 18, 34-35, 36-37).  Taken as true, these and the other facts alleged in the complaint reasonably support the inference that Crystal Reed was terminated not for poor job performance, but because of her disability and/or in retaliation for her request for accommodations.  Accordingly, Counts I and II of the complaint state plausible claims against Ponder Enterprises[3] for which relief can be granted.

---

Reed was terminated for poor job performance."  (Doc. 18 ¶ 13 (emphasis added)).

[3] As discussed, *supra*, Counts I and II do not state a claim for relief against Ernest Ponder and Juanita North because ADA claims are not cognizable against them in their individual or "official" capacities.

**C.    Intentional Infliction of Emotional Distress**

In Count III of the amended complaint, the Estate purports to assert a claim for intentional infliction of emotional distress (outrage) under Alabama law.  (Doc. 16 Section VI ¶¶ 48-55).  *See Horne v. TGM Assocs., L.P.*, 56 So. 3d 615, 630 (Ala. 2010)) (noting that, under Alabama law, the tort of "outrage" is the same cause of action as the tort of "intentional infliction of emotional distress").  The Estate alleges that the defendants knew of Crystal Reed's medical condition and need for accommodation, but intentionally subjected Reed to "false accusations, hot temperatures, and long periods of standing, heavy lifting, and wrongful termination."  (Doc. 16 Section VI ¶ 58).

Under Alabama law, "the tort of outrage is an extremely limited cause of action." *Little v. Robinson*, 72 So.3d 1168, 1172 (Ala. 2011) (quoting *Potts v. Hayes*, 771 So.2d 462, 465 (Ala. 2000).  The cause of action is so limited, in fact, that, to date, Alabama courts have recognized it in only four circumstances: (1) wrongful conduct in the family-burial context; (2) barbaric methods employed to coerce an insurance settlement; (3) egregious sexual harassment; and (4) "against a family physician who, when asked by a teenage boy's mother to counsel the boy concerning his stress over his parents' divorce, instead began exchanging addictive prescription drugs for homosexual sex for a number of years, resulting in the boy's drug addiction."  *Id*. at 1172-73 (citing *Potts*, 771 So.2d 462, 465 (Ala. 2000); *O'Rear v. B.H.*, 69 So.3d 106 (Ala.2011)).  *See also Continental Cas. Co. v. McDonald*, 567 So. 2d 1208 (Ala. 1990) (recognizing the tort of outrage where a workers' compensation carrier

15

refused and delayed payment of medical bills for pain treatment in an attempt to coerce an unreasonably low lump-sum settlement).

While it is conceivable that an Alabama court might one day recognize the tort of outrage in some other set of outrageous and unthinkable circumstances, "[i]t is clear ... that the tort of outrage is viable [under Alabama law] only when the conduct is 'so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'" *Id*. at 1173 (quoting *Horne*, 56 So. 3d at 631).  Although the Estate alleges that the Defendants were willfully malicious, the alleged conduct does not rise to the level of outrageousness that will support a claim for intentional infliction of emotional distress under Alabama law.  In fact, if the tort of outrage were recognized under the circumstances alleged in this case, it would mean that the tort of outrage would exist in every ADA case when an employer intentionally discriminates or retaliates against a disabled employee – a result not consistent with the "extremely limited" nature of the tort of outrage in Alabama.  *See Little v. Robinson*, 72 So.3d 1168, 1172 (Ala. 2011).  Accordingly, the court concludes that the motion to dismiss should be granted as to all defendants with respect to Count III.

## CONCLUSION

Accordingly, for the reasons stated above, and for good cause, it is hereby **ORDERED** that the Defendant's motion to dismiss (Doc. 18) be and is hereby **GRANTED** to the following extent:

1.      that all claims against Ernest Ponder and Juanita North as individuals and in

their official capacities be and are hereby **DISMISSED**, and they are hereby

**DISMISSED** as parties to this action;

2.      that Count III of the amended complaint be and is hereby **DISMISSED** as to

all Defendants; and

3.      that, in all other respects, the motion to dismiss be and is hereby **DENIED.**  It

is further

**ORDERED** that the Reed Estate's motion to amend (Doc. 22) to name as plaintiff

"Jean Reed, the Personal Representative of the Estate of her Deceased Daughter, Crystal

Reed," be and is hereby **GRANTED.**  Finally, it is

**ORDERED** that the Reed Estate shall file, **no later than April 10, 2012**, an amended

complaint against Defendant Ponder Enterprises that contains only Counts I and II.

The Clerk of Court is **DIRECTED** to strike the "Second Amended Complaint" (Doc.

23) from the record.

Done this 27th day of March, 2012.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

17