IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEAN REED, as the Personal Representative of the Estate of her deceased daughter, Crystal Reed,<br><br>    Plaintiff,<br><br>v.<br><br>PONDER ENTERPRISES, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACT. NO. 1:11cv554-CSC<br>)                       (WO)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Now pending before the court is the motion to dismiss (Doc. 26) filed by the Defendant, Ponder Enterprises, Inc. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Having considered the motion and the submissions of the parties, the court finds that the motion to dismiss (Doc. 26) is due to be denied.

**Standard of Review**

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to

draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**Facts**

The relevant factual allegations of the amended complaint[1] are as follows:

Ponder Enterprises owns and operates a Hardee's fast food restaurant in Dothan, Alabama. (*See* Doc. 25 Section III ¶2). Reed, an African-American female, began working at the Hardee's restaurant in 1998 as a cashier and was later promoted to store manager. (Doc. 25 Section V ¶5 ). In September 2009, when she was approximately thirty-one years old, Reed was diagnosed with breast cancer and underwent radiation therapy. (Doc. 25 Section V ¶¶6,8). In November 2009, she underwent a mastectomy. (Doc. 25 Section V ¶6). Reed suffered from acute edema in her left arm and legs due to the lack of air conditioning and due to standing for long periods during her work shift. (Doc. 25 Section V ¶33). Between August and September of 2010, Reed requested Ponder Enterprises to provide accommodations for her medical condition. (Doc. 16 Section V ¶¶9, 32). The accommodations Reed requested included air conditioning, light lifting, and breaks from long periods of standing. (Doc. 16 Section V ¶¶9, 32). Ponder Enterprises did not provide the requested accommodations and did not offer Reed an alternative accommodation or position.

---

[1] At this stage of the proceedings, for purposes of ruling on the motion to dismiss, the facts alleged in the complaint and reasonable inferences to be drawn therefrom are set forth in the light most favorable to the plaintiff. *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).

(Doc. 16 Section V ¶10).  Reed's medical condition was exacerbated by the fact that she continued to work without accommodations.  (Doc. 16 Section V ¶¶23-25).

Reed was qualified for the position of store manager, which she held at the time of her termination, and she "performed her duties successfully as an employee of . . . Ponder Enterprises and remained in the employ of [Ponder Enterprises] without any adverse incident" from the time she was hired until Ponder Enterprises terminated her employment.  (Doc. 25 Section V ¶7, 16).  Nevertheless, on September 22, 2010, Reed received what she contends was a warrantless written warning from her supervisor falsely alleging audit violations.  (Doc. 25 Section V ¶34).  On September 23, 2010, after Reed worked for twelve hours, Ponder Enterprises terminated Reed's employment; at that time, she was thirty-two years old and still suffering from cancer.  (Doc. 25 Section V ¶¶8, 35).  Reed was told that Ponder Enterprises was responsible for the termination, and she was given no reason for being fired.  (Doc. 25 Section V ¶35).

According to the allegations of the complaint, Ponder Enterprises maintains a "pretext" that it terminated Reed for poor job performance in an effort to hide the "true discriminatory reasons" for the termination.  (Doc. 25 Section V ¶¶14-15).  According to the complaint, Ponder Enterprises actually falsely accused Reed of poor job performance and terminated Reed's employment because of her disability and in retaliation for her requests for accommodation.  (Doc. 25 Section V ¶¶ 18; Section VI ¶¶42, 50-51).  The person who replaced Reed as store manager is not more qualified for the position than Reed.  (Doc. 25

4

Section V ¶22).

On November 26, 2010, Reed filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 25 Section V ¶27). On April 8, 2011, the EEOC issued Reed a right to sue letter. (Doc. 1-1; Doc. 25 Section V ¶28).

On February 25, 2011, while her charge of discrimination was pending before the EEOC, Reed died. (Doc. 25 Section V ¶36).

On July 8, 2011, on behalf of Crystal Reed's Estate, a complaint (Doc. 1) was filed against Ponder Enterprises, Inc., d/b/a Hardees, alleging that Ponder Enterprises discriminated and retaliated against Reed on the basis of her disability and her requests for accommodations in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. (Doc. 1; *see also* Doc. 25 (second amended complaint)). Reed alleges that the physical and mental strain of working without the accommodations she was actively seeking from her employer exacerbated her disability and caused her physical condition to further deteriorate, thereby hastening her death. (Doc. 25 Section V ¶¶12, 23-25, 36-37, Section VI ¶¶44, 52). Reed also alleges that the mental and emotional anguish caused by her wrongful termination contributed to her demise. *See id*.

## Discussion

It is undisputed that Crystal Reed died after she filed a charge of discrimination with the EEOC, but before the EEOC issued a right-to-sue letter and before this case was filed. Ponder Enterprises argues that the case should be dismissed because, according to Ponder

Enterprises, Reed's ADA claims did not survive her death.

The ADA does not contain a provision governing the survival of causes of action. Because the ADA does not address the survivorship of claims, the court must first look to the forum state's law applicable to personal injury claims to determine whether this action survives the death of Crystal Reed.[2] *Cf. Everett v. Cobb County School District*, 138 F.3d 1407, 1409 (11th Cir. 1998) (holding that, because Congress did not create a statute of limitations to govern the ADA, ADA claims are governed by the state statute of limitations applicable to personal injury actions); *Estate of Gilliam v. City of Prattville*, 639 F.3d 1041, 1045 (11th Cir. 2011) (holding that the survivorship of civil rights actions is governed by the law of the forum state as long as state law is not inconsistent with the Constitution and the

---

[2] The court recognizes that there is a circuit split as to whether a court must look to "federal common law" or state law to determine whether a cause of action under the ADA survives the death of the plaintiff. *See Green ex rel. Estate of Green v. City of Welch*, 467 F. Supp. 2d 656, 664-67 (S.D.W. Va. 2006) (discussing the circuit split). In this case, however, Ponder Enterprises takes the position that this court should look to state law to supply the deficiency in the federal statute (*see* Doc. 26). The Plaintiff argues that the action would survive under either approach, but does not object to the use of state law to determine the survivability of this action. (*See* Doc. 30 ¶11). Moreover, having considered the applicable authorities on the subject, the court is convinced that the majority of the courts take the correct approach in looking to state law to determine whether the ADA claims survive. *Cf. Everett v. Cobb County School District*, 138 F.3d 1407, 1409 (11th Cir. 1998) (holding that, because the ADA does not contain a statute of limitations, ADA claims are governed by the state statute of limitations applicable to personal injury actions).

Nonetheless, the result would be the same under federal common law. "The ADA is a remedial statute, meant to bring an end to discrimination against individuals with disabilities in all aspects of American life; it must be construed with all the liberality necessary to achieve such purposes." *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 635 F.3d 87, 94 (3rd Cir. 2011). *Accord. Henrietta D. v. Bloomberg*, 331 F.3d 261 (2nd Cir. 2003); *Hason v. Medical Bd. of Cal.*, 279 F.3d 1167 (9th Cir. 2002); *Arnold v. United Parcel Serv., Inc.*, 136 F.3d 854, 861 (1st Cir.1998); *Penny v. United Parcel Serv.*, 128 F.3d 408, 414 (6th Cir.1997). *See also Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir.1996) (observing that the ADA was enacted to provide a national mandate "for the elimination of discrimination against individuals with disabilities," 42 U.S.C. § 12101(b)(1), and must be broadly construed). Thus, for federal common law purposes an ADA cause of action survives. *See Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 876 (11th Cir. 1986).

laws of the United States).

>   Alabama's survivorship statute applicable to personal injury actions provides:
>
>   In all proceedings not of an equitable nature, *all claims upon which an action has been filed* and all claims upon which no action has been filed on a contract, express or implied, *and all personal claims upon which an action has been filed*, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor.

Ala. Code § 6-5-462 (emphasis added).

Thus, under the clear wording of Alabama's survivorship statute, a personal injury action survives only if it "has been filed" prior to the decedent's death. Ala. Code § 6-5-462. Therefore, because Crystal Reed died while her EEOC charge was pending, the determinative question in this case is whether, by filing an EEOC charge, which is a condition precedent to the filing of an ADA lawsuit, Reed effectively "filed" an "action" within the meaning of § 6-5-462. Ponder Enterprises asserts conclusorily, and without supporting authority on this issue, that no action had been filed at the time of Crystal Reed's death as required by Alabama's survivorship statute. (Doc. 26 pp. 3-4). The Plaintiff similarly argues conclusorily, and without supporting authority, that the timely filing of an ADA claim with the EEOC satisfies the requirement that a personal injury action must be filed prior to the death of the plaintiff. (Doc. 30 ¶ 11).

In determining whether, prior to her death, Reed effectively "filed" an "action" within the meaning of § 6-5-462 by filing her claim with the EEOC, this court must interpret and apply Alabama's survival statute as would the Alabama Supreme Court. *Lockard v. Equifax,*

*Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998) (holding that a federal court is required to construe a state statute "as would the state's supreme court"); *In re Schlein*, 8 F.3d 745, 754 (11th Cir. 1993) ("In order to determine the meaning of a state statute, we look to the decisions of the state's courts."); *see also Johnson v. Fankell*, 520 U.S. 911, 916 (1997) ("Neither this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the State. This proposition, fundamental to our system of federalism, is applicable to procedural as well as substantive rules." (citations omitted)).

In determining how a state's highest court would construe and apply state law, state supreme court opinions that are closely on point provide the primary source of guidance. *See KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1325 (2004); *see also Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. Feb. 24, 2011) ("Where the [state's] highest court . . . has spoken on the topic [of state law], we follow its rule."). The Alabama Supreme Court has twice addressed the applicability of § 6-5-462 where, as here, the plaintiff died after filing a claim as a prerequisite to the filing of a lawsuit, but before a complaint was filed in court. *See Callens v. Jefferson County Nursing Home*, 769 So. 2d 273, 275-278 (Ala. 2000); *Groeschner v. County of Mobile*, 512 So. 2d 70 (Ala. 1987). *Cf. Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001) (holding that timely filing of a charge of discrimination "is a prerequisite to bringing suit under . . . the ADA"). In both cases, the Alabama Supreme court held that an "action" had

been "filed" within the meaning of Ala. Code § 6-5-462 prior to the decedent's death. Thus, in both cases, the actions survived.

In the first such case decided by the Alabama Supreme Court, Joseph Groeschner was severely injured in a head-on collision on the Dauphin Island Bridge in Mobile County, Alabama. *Groeschner*, 512 So. 2d at 71. The accident occurred when an oncoming motorist swerved into the plaintiff's lane of traffic to avoid an accident with a Mobile County Sheriff's Deputy, who was allegedly driving negligently. *Id*. To meet the statutory prerequisite to filing an action against Mobile County for the alleged negligence of the sheriff's deputy, Groeschner filed a timely claim with the Mobile County Commission as required by Ala. Code § 6-5-20(a). Section 6-5-20(a) provides that "[a]n action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant."[3] Like the filing of an EEOC claim, "[t]he statutory requirement of presenting a claim to the county commission is a condition precedent to the maintenance of a lawsuit." *Groeschner*, 512 So. 2d at 71 (citing *Williams v. McMillan*, 352 So. 2d 1347, 1349 (Ala. 1977)). *Cf. Maynard*, 256 F.3d at 1262 (noting that timely filing of a claim with the EEOC was a "condition[]

---

[3]Section 6–5–20, which by its terms provides a process for conciliatory resolution of a claim prior to the filing of a lawsuit, "was enacted to provide county governing bodies with notice of claims against the county and an opportunity to audit and investigate the claims." *Elmore County Comm'n v. Ragona*, 540 So. 2d 720, 723 (Ala. 1989). *Cf. Hipp v. Liberty Nat'l Life ins. Co.*, 252 F. 3d 1208, 1220, 1221 n.1, 1225 (11th Cir. 2001) (holding that the EEOC charge-filing requirement is designed to "give the employer prompt notice of the complaint against it," and "to give the EEOC sufficient time to attempt the conciliation process before a civil action is filed;" the charge-filing requirement exists "so that the employer can attempt to resolve the issue through conciliation").

precedent to filing suit" under the ADA).

After Groeschner filed his claim with the commission, his luck did not improve. He did not live to see the filing of his court case against Mobile County, the sheriff's department, and the deputy. Less than a month after his claim was disallowed by the county commission by operation of law, and mere hours before the filing of the state court complaint, Groeschner perished in a house fire at his own residence. *Groeshner*, 512 So. 2d at 71-72; *see also Callens*, 769 So. 2d at 277 (summarizing the facts in *Groeschner* and noting that he died of causes unrelated to the automobile accident). The trial court granted summary judgment for the defendants on grounds that the action did not survive because Groeschner died before the complaint was filed. *See Groeshner*, 512 So. 2d at 71.

On appeal, "while recognizing that § 6-5-462 does not allow for survival of a tort claim . . . where no action had been filed by the decedent," the representative of Groeschner's estate argued "that Groeschner's compliance with [§ 6-5-20] by presenting his claim with the county commission [was] sufficient to constitute a filing within the meaning of the Alabama survival statute." *Groeshner*, 512 So. 2d at 71. The Alabama Supreme Court agreed and reversed the trial court's judgment. 512 So. 2d at 72. In so doing, the Supreme Court declined to hold that the Alabama survival statute precluded the claim on grounds that Groeschner "died before the action was actually filed in court." *See id*. Rather, by complying with § 6-5-20, "Groeschner had taken appropriate action to meet the requirement that he first present his claim to the county commission before filing suit against the county."

*Id*. at 72; *see also Callens*, 769 So. 2d at 277 (summarizing the holding in *Groeschner*). Therefore, "because he took that action, he was deemed to have satisfied the requirement of § 6-4-462, so that his personal-injury action survived his death." *Callens*, 769 So. 2d at 277; *see also Groeshner*, 512 So. 2d at 72 ("[W]e hold that Groeschner commenced an action against the county [within the meaning of § 6-5-462] when he complied with the provisions of § 6-5-20.").

More recently, the Alabama Supreme Court decided the case of *Callens v. Jefferson County*, 769 So. 2d 273 (Ala. 2000). In *Callens*, Julia Presley died after presenting her personal injury claim to the county commission pursuant to § 6-5-20, but before the claim was denied by operation of law and before a lawsuit was filed in court. *Id*. at 277. Relying on *Groeschner*, the Alabama Supreme Court held that Presley's lawsuit survived her death. Specifically, the Alabama Supreme court held:

> Because Presley died before [her claim before the county commission was denied by operation of law], her case is even stronger than was the plaintiff's case in *Groeschner*;[4] the claims made on her behalf had not been disallowed by the Jefferson County Commission (or deemed disallowed) at the time of her death. Section 6-5-20 prevented . . . Presley from filing a lawsuit against the county until the Commission had acted on the notice or until the [claim was denied as a matter of law upon the] expiration of the 90-day statutory period. Callens's *filing a notice of claim with the Jefferson County Commission was sufficient to constitute a filing within the meaning of § 6-5-462*; therefore, the personal-injury claim . . . survived Presley's death.

*Callens*, 769 So. 2d at 277-78 (emphasis added).

---

[4]Similarly, Crystal Reed died while her timely-filed charge of disability discrimination was pending before the EEOC.

11

Thus, the Alabama Supreme Court determined in *Callens* and *Groeschner* that, when a plaintiff filed a claim which as a matter of law is "a condition precedent to the filing of a lawsuit," an "action" was "filed" as those terms are used in Alabama's survival statute, and the action survived even though the plaintiff died "before the action was actually filed in court." *Groeschner*, 512 So. 2d at 72; *see also Callens*, 769 So. 2d at 277-78 (holding that filing a notice of claim as a condition precedent to filing a lawsuit "was sufficient to constitute a filing within the meaning of § 6-5-462").

The court finds that the Alabama Supreme Court's opinions in *Groeschner* and *Callens* are determinative in interpreting and applying § 6-5-462 in this case. *See Johnson,* 520 U.S. at 916 (holding that decisions of a state's highest court are determinative in interpreting "procedural as well as substantive" state statutes); *In re Schlein*, 8 F.3d at 754 ("'When [the highest court of the state] has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given clear and persuasive indication that its pronouncement will be modified, limited or restricted.'" (quoting *West v. AT&T*, 311 U.S. 223, 236 (1940)). In this case, Crystal Reed lived to file her EEOC charge, which was a "condition[] precedent to filing suit." *Maynard*, 256 F.3d at 1262. *Cf. Callens*, 769 So. 2d at 277; *Groeschner*, 512 So. 2d at 71-72. Thus, applying the Alabama Supreme Court's interpretation of § 6-5-462, an "action" was "filed" before Crystal Reed's death within the meaning of § 6-5-462, and, under Alabama law, the action survives even though she died before her ADA lawsuit was "actually filed in court." *Groeschner*, 512 So. 2d at 72. *See*

*also Callens*, 769 So. 2d at 277-78.

Further, the court finds that the application of Alabama's survivorship law does not conflict with the United States Constitution, federal law, or the policies underlying the ADA. *See Gilliam v. City of Prattville*, 639 F.3d 1041, 1045 (11th Cir. 2011) (holding that state law governs the survivorship of civil rights actions as long as the state's survivorship law is not inconsistent with the Constitution and the laws of the United States).

Therefore, the court holds that Crystal Reed's ADA claims survive because she met the requirements of Alabama's survival statute, Ala. Code 1975 § 6-5-462, when she timely filed a charge with the EEOC prior to her death.

## CONCLUSION

Accordingly, because Crystal Reed's ADA claims survive her death, it is

**ORDERED** that the motion to dismiss (Doc. 26) be and is hereby **DENIED**.

Done this 31st day of May, 2012.

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE